UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RICHARD PETERSON, | No. 2:17-cv-01693-GGH |
|---|---|
| Petitioner, | |
| v. | ORDER |
| J. LIZARRAGA, | |
| Respondent. | |

Petitioner appears in pro se in this habeas proceeding.[1] On August 21, 2017 this court issued an Order which, among other things, addressed petitioner's claim that he had not received twelve (12) boxes of legal documents and personal property which included his typewriter and other materials that he would need in aid of filing his habeas corpus petition with this court. ECF No. 4. Petitioner was advised to notify the court if he did not receive those documents on or before September 15, 2017. Id. On September 20, 2017 petitioner filed a request for an order (signed on September 15, 2017), ECF No. 6, seeking an Order for provision of those documents and materials in which he stated that the California Department of Corrections and Rehabilitation Sarah Smith had contacted his wife on August 22, 2017, and informed her that the materials

---

[1] Petitioner's Informa Pauperis Motion is under submission awaiting a Certified Prison Trust Account Statement from the California Department of Corrections and Rehabilitation which has been requested by a Clerk's Notice issued September 22, 2017 with a 72 hour production demand. ECF No. 7.

1

would be picked up from the California Correctional Institution at Tehachapi and delivered to petitioner's present place of incarceration at Mule Creek within one week but that such delivery had not ensued as of September 15, 2017. ECF No. 6.

As is evident from the foregoing, petitioner's claim that he is being deprived of legal materials and property does not go to the merits of his habeas claims. Accordingly, this matter may be handled by court order. In light of the fact that petitioner has had one extension of time to file his petition based on the absence of the foregoing materials for which he has made repeated requests and now must be given another, the court will invoke the All Writs Act, 28 U.S.C. § 1651(a). This Act permits the court to issue writs "necessary or appropriate in aid of [its] jurisdiction and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it may lose its jurisdiction if petitioner is unable to prosecute this action because he cannot have access to his legal property at Mule Creek State Prison where he is presently housed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for an Order requiring access to his legal materials is construed as a motion pursuant to the All Writ Act, and as so construed is granted to the extent that the respondent, who is warden at Mule Creek State Prison, or his designee is ordered to inform this court, within twenty-one days, if petitioner has been denied access to his legal property and, if so, must inform the court of the accommodation being made to permit petitioner to prosecute this action;

2. The Clerk of the Court shall serve a copy of this Order on Warden Joe Lizarraga by first class mail and shall amend the caption on the pleadings to show him as the Respondent as reflected in this order;

////

3. The Clerk shall serve a courtesy copy of this Order on Tami Krenzin, Senior Assistant California Attorney General

4. Petitioner's time to file a completed petition will be held in abeyance until this court has determined that he has received the materials addressed here at which time the filing requirement will be provided by order of the court.

**IT IS SO ORDERED.**

Dated: September 26, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE